THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Alonzo Demetric
 Harvin, Appellant.
 
 
 

Appeal From Richland County
Reginald I. Lloyd, Circuit Court Judge
Unpublished Opinion No. 2008-UP-201
Submitted March 3, 2008  Filed March 24,
 2008
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Deborah R.J. Shupe, Office of the Attorney General, all
 of Columbia; and  Solicitor Warren Blair Giese, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Alonzo Harvin appeals his conviction of first degree burglary and grand
 larceny.  Harvin argues the trial court erred by allowing an expert witness to
 exceed his scope of expertise.  We affirm.[1]
Harvin alleges the trial court erred by allowing
 the testifying investigator to give expert testimony regarding Harvins shoes
 and the footprint found at the crime scene.
The admission or exclusion of evidence is a matter
 addressed to the sound discretion of the trial court and its ruling will not be
 disturbed in the absence of a manifest abuse of discretion accompanied by
 probable prejudice.  State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475,
 478 (2004).  Further, a witnesss
 qualification as an expert and whether to admit or exclude the experts
 testimony are issues largely left to the trial
 courts discretion.  State v. McFadden, 318 S.C. 404, 411, 458
 S.E.2d 61, 65 (Ct. App. 1995).
The trial court qualified the investigator as an expert in crime scene
 investigation.  When the State questioned the investigator regarding Harvins
 shoes and the crime scene footprint, the trial court constrained the
 investigators testimony to mere observations, which was lay testimony.  See Rule 701, SCRE.
Further,
 if an abuse of discretion had occurred, any error would be harmless due to the
 effective cross examination and overwhelming evidence of guilt.  See State v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct. App. 2000) ([E]videntiary rulings of the trial court will not
 be reversed on appeal absent an abuse of discretion or the commission of legal
 error which results in prejudice to the defendant.).  On cross examination,
 the investigator stated he did not know what size shoe made the impression, he
 did not know which shoe made the impression, and many different types of shoes
 could have made the impression.  Additionally, Harvin was apprehended in a
 vehicle leaving the crime scene and the stolen goods were inside the vehicle. 
 Therefore, overwhelming evidence of guilt existed and no prejudice occurred.
Accordingly,
 we affirm the trial court.
AFFIRMED.
HUFF, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral
 argument pursuant to Rule 215, SCACR.